IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| STEPHEN MAYES,<br><br>        Plaintiff,<br><br>v.<br><br>SIG SAUER, INC.,<br><br>        Defendant. | Civil Action No.: 1:19-cv-00146-GNS<br><br>**DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Sig Sauer, Inc. ("SIG SAUER"), in accordance with the Federal Rules of Civil Procedure, hereby files its Answer to Plaintiff's Complaint, and respectfully submit as follows:

1.      SIG SAUER is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      SIG SAUER admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      SIG SAUER is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      SIG SAUER admits that it is a Delaware corporation with its principal place of business in New Hampshire, and SIG SAUER further admits that it holds a Certificate of Authority authorizing it to transact business in the Commonwealth of Kentucky as alleged in Paragraph 4 of Plaintiff's Complaint.

5.      SIG SAUER admits that it designs, manufactures, tests and sells various firearms, including the P320 model pistol in the United States, including sales to branches of the United States military.  SIG SAUER denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     SIG SAUER denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated, and respectfully refers all questions of law to this Honorable Court.

7.     SIG SAUER is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     SIG SAUER is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     SIG SAUER denies that the P320 pistol would have discharged with no prompting while fully-seated in its holster as alleged in Paragraph 9. SIG SAUER is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     SIG SAUER is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     SIG SAUER admits that it designs and manufactures the P320 model pistol that is allegedly at issue in this lawsuit, but SIG SAUER has not had an opportunity to inspect the subject pistol and, therefore, it is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding the subject pistol. With respect to the various statements Plaintiff attributes to SIG SAUER, SIG SAUER responds that those statements speak for themselves, and SIG SAUER denies any allegations that any of its statements regarding the P320 model pistol were untrue. SIG SAUER denies any remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     SIG SAUER denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

730137:2:LEXINGTON

13.     The allegations contained in Paragraph 13 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.  Upon information and belief, the incidents described in Paragraph 13 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

14.     The allegations contained in Paragraph 14 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.  Upon information and belief, the incidents described in Paragraph 14 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

15.     The allegations contained in Paragraph 15 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.  Upon information and belief, the incidents described in Paragraph 15 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

16.     The allegations contained in Paragraph 16 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.  Upon information and belief, the incidents described in Paragraph 16 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

17.     The allegations contained in Paragraph 17 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.  Upon information and belief, the incidents described in Paragraph 17 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

18.     The allegations contained in Paragraph 18 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 18

730137:2:LEXINGTON

of Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 18 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

19. The allegations contained in Paragraph 19 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 19 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

20. The allegations contained in Paragraph 20 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 20 of Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 20 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

21. SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 21 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 21 of Plaintiff's Complaint. SIG SAUER further responds that the Roscommon Police Department's internal investigation determined that the P320 pistol discharged in that incident due to the seatbelt buckle getting into the trigger area and causing the trigger to be pulled.

22. SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 22 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The allegations contained in Paragraph 23 lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations contained in Paragraph 23 of Plaintiff's Complaint. Upon information and belief, the incidents described in Paragraph 23 of Plaintiff's Complaint, to the extent true, did not involve a P320 model pistol.

730137:2:LEXINGTON

24.     SIG SAUER admits that a Connecticut police officer alleged that he was injured when he dropped an unsecure P320 pistol while transporting it to his vehicle, but SIG SAUER denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 25 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 26 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 27 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 28 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     SIG SAUER admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut.  SIG SAUER further admits that the suit alleged that an accidental discharge of the P320 pistol as the result of a dropped firearm caused plaintiff's injury.  SIG SAUER denies any remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     SIG SAUER admits that there had been no reported drop-related P320 incidents in the U.S. consumer market as of August 8, 2017, but denies the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     SIG SAUER admits that it announced the implementation of the P320 Voluntary Upgrade Program on August 8, 2017. The language quoted in Paragraph 31 of Plaintiff's Complaint is incomplete and not put into context. To the extent Plaintiff is making any allegations in connection with the quoted language or any of SIG SAUER's statements regarding the upgrade program, SIG SAUER denies such allegations and further responds that the referenced documents speaks for itself.

32.     SIG SAUER denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations.

34.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 34 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 34.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations.

36.     SIG SAUER admits that deputy Vadnais alleges she was injured when her P320 pistol discharged as she was trying to remove her firearm from her duty belt while seated in her cruiser, but SIG SAUER denies the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     SIG SAUER admits that a Pasco County School Resource Officer's P320 pistol discharged as he was manipulating the firearm and that the incident was captured on surveillance video, but SIG SAUER denies the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint. SIG SAUER further responds that the Pasco County Sheriff's Office conducted an investigation and determined that the negligent discharge was the result of improper handling by the resource officer.

38.     SIG SAUER admits that it was notified of an alleged accidental discharge as alleged in Paragraph 38 of Plaintiff's Complaint, but denies any remaining allegations contained in Paragraph 38.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint lack sufficient specificity to permit a meaningful response and, as such, SIG SAUER denies the allegations.

40.     SIG SAUER denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     SIG SAUER admits that the P320 model pistol has not been the subject of a mandatory recall, but denies the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     SIG SAUER denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     SIG SAUER denies the allegations contained in Paragraph 43 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

44.     SIG SAUER denies the allegations contained in Paragraph 44 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

730137:2:LEXINGTON

45.     SIG SAUER denies the allegations contained in Paragraph 45 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

46.     SIG SAUER denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     SIG SAUER denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     SIG SAUER denies the allegations contained in Paragraph 48 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

49.     SIG SAUER denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     SIG SAUER denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     SIG SAUER denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint, but SIG SAUER denies that it is liable for any injuries or damages sustained by Plaintiff.

52.     SIG SAUER denies the allegations contained in Paragraph 52 of Plaintiff's Complaint, including the allegations in subparagraphs (a)-(b).

53.     SIG SAUER denies the allegations contained in Paragraph 53 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

54.     SIG SAUER denies the allegations contained in Paragraph 54 of Plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

55.     SIG SAUER denies each and every allegation not expressly admitted herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Sig Sauer, Inc., by counsel, respectfully requests that nothing be taken by way of Plaintiff's Complaint, that judgment be entered in its favor, and for all other relief just and proper.

## AFFIRMATIVE DEFENSES

Further answering herein, SIG SAUER would respectfully show as follows:

### FIRST AFFIRMATIVE DEFENSE

No act or omission of SIG SAUER was the proximate cause and/or a producing cause of any injury to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are the sole and proximate consequence of Plaintiff's own misuse, abnormal use, or improper use of the subject firearm. Further, Plaintiff failed to observe and use ordinary care and caution for his own safety. In this regard, and generally, SIG SAUER hereby invokes the doctrines of comparative fault, comparative or contributory negligence, and/or comparative causation, to reduce or defeat the recovery of Plaintiff herein, if any.

### THIRD AFFIRMATIVE DEFENSE

The occurrence, injuries and damages claimed by the Plaintiff were proximately caused by the acts and omissions of Plaintiff and/or other third parties over whom SIG SAUER had no right to control. SIG SAUER contends that the occurrence, injuries, and damages, if any, were the result of intervening or superseding causes.

730137:2:LEXINGTON

## FOURTH AFFIRMATIVE DEFENSE

SIG SAUER hereby asserts all defenses available to it under the Kentucky Product Liability Act, KRS § 411.300, *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

The subject firearm and all component parts complied with all applicable safety standards.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by Plaintiff's failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by Plaintiff's failure to properly handle and use the subject firearm.

## EIGHTH AFFIRMATIVE DEFENSE

SIG SAUER effectively excluded and limited any warranties applicable to the subject firearm.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages, any such claims for punitive damages are barred by the following: Commerce Clause of Article I, Section 8 of the U.S. Constitution; the Contracts Clause of Article I, Section 10 of the U.S. Constitution; the prohibition against ex post facto laws embodied in Article I, Section 10 of the U.S. Constitution; the Supremacy Clause of Article VI of the U.S. Constitution; the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America; as well as the due process and equal protection provisions contained in the Constitution of the Commonwealth of Kentucky. An award of punitive damages is not justified under the facts of this case and any such award will constitute a denial of equal protection, a denial of due process and/or the imposition of an excessive fine. An award of

730137:2:LEXINGTON

punitive damages must conform with the law as set forth in <u>State Farm Automobile Ins. Co. v.</u> <u>Campbell</u>, 538 U.S. 408 (2003), <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424 (2001), and such other and future cases interpreting the laws involving the bases, standards, burdens of proof and amounts of punitive or exemplary damages under the given set of facts and circumstances. In the unlikely event that the issue of punitive damages is properly put before a trier of fact in this case, defendant is entitled to a unanimous jury verdict as to such a finding of fact and to bifurcation of this "punishment" phase and to a jury instruction that mandates a higher burden of proof upon Plaintiffs than a mere preponderance of the evidence.

## TENTH AFFIRMATIVE DEFENSE

No act or omission of SIG SAUER was malicious, willful, wanton, reckless or grossly negligent.

## ELEVENTH AFFIRMATIVE DEFENSE

SIG SAUER asserts all of the protections provided under Kentucky law.

## TWELFTH AFFIRMATIVE DEFENSE

SIG SAUER asserts that the subject firearm is reasonably fit, suitable and safe for its intended purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff incurred or assumed the risks of which Plaintiff complains in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The subject product, complied with all federal, state and local codes, standards, regulations, specifications and statutes regarding the manufacture, sale and use of the product at all times pertinent to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover herein against SIG SAUER because the design, manufacture, packaging, warning and labeling of the product described in Plaintiff's Complaint was in conformity with the generally recognized state of the art at the time such product was designed, manufactured, packaged and labeled.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred because the damages complained of was caused by a modification or alteration of the product at issue made by a person after the delivery to the initial user or consumer which modification or alteration was the proximate cause of the physical harm complained of by Plaintiff, and such modification or alteration was not reasonably expectable by SIG SAUER.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed and neglected to exercise ordinary care for his safety and welfare, which directly and proximately caused or contributed to Plaintiff's alleged injuries and damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the products at issue herein.

730137:2:LEXINGTON

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations, statutes of repose, any similar statute, or the equitable doctrine of laches.

## TWENTIETH AFFIRMATIVE DEFENSE

SIG SAUER would show that it did not receive timely notice of any alleged breach of warranty and therefor Plaintiff may not recover against this Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver and estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

SIG SAUER pleads the terms, conditions, provisions, disclaimers and exclusions in any and all warranties as a complete defense to this action

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Discovery and investigation are incomplete, and SIG SAUER does not and cannot reasonably be expected to know whether additional affirmative defenses may be applicable. SIG SAUER therefore reserves the right to add additional affirmative and other defenses as may be applicable and appropriate during the pendency of this action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

SIG SAUER incorporates by reference, as if set out in full, all defenses which are or may be available to it under the Restatement (Second) of Torts §402, Restatement (Third) of Torts, and all comments thereto.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed.

730137:2:LEXINGTON

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred by the applicable statute of limitations.

Respectfully submitted,

*/s/ Marshall R. Hixson*
Marshall R. Hixson
Gregory P. Parsons
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, Kentucky 40507-1758
Telephone: (859) 226-2300
Facsimile: (859) 425-7909
mhixson@stites.com
gparsons@stites.com

*Counsel for Defendant SIG Sauer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by filing electronically through the Court's ECF system on this 16th day of December, 2019, upon:

Mike Breen
MIKE BREEN, ATTORNEY AT LAW, P.S.C.
870 Fairview Ave., Suite 5
P.O. Box 3310
Bowling Green, KY 42102
mike@mikebreen.com

Jeffrey S. Bagnell
55 Greens Farms Road, Suite 200-60
Westport, CT 06880
jbagnell@bagnell-law.com

*/s/ Marshall R. Hixson*
*Counsel for SIG Sauer, Inc.*

730137:2:LEXINGTON