UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00146-GNS-HBB

STEPHEN MAYES                                                                                      PLAINTIFF

v.

SIG SAUER, INC.                                                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Amend the Court's Memorandum Opinion and Order (DN 92). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

I.        **STATEMENT OF FACTS**

On October 30, 2018, Stephen Mayes ("Mayes") was shooting his new Sig Sauer P320 X Carry 9MM pistol, which was designed and manufactured by Defendant Sig Sauer, Inc. ("Sig Sauer"). (Compl. ¶¶ 7-8, 11, DN 1; Mayes Dep. 92:2-4, Mar. 31, 2021, DN 72-2). Mayes had the gun in a holster on his hip and was preparing to draw the gun when it discharged, shooting Mayes in the thigh. (Compl. ¶¶ 8-9; Mayes Dep. 97:8-12). Mayes alleges the pistol discharged without a trigger pull, which Sig Sauer refutes. (Compl. ¶ 8; Answer ¶ 9, DN 11; *see* Mayes Dep. 100:4-101:1).

Mayes initiated this action against Sig Sauer, alleging product liability claims sounding in strict liability, negligence, and breach of express and implied warranties, as well as claim under the Kentucky Consumer Protection Act ("KCPA"). (Compl. ¶¶ 43-48). Sig Sauer moved to exclude two of Mayes' experts and for summary judgment. (Def.'s Mot. Exclude Evid. & Ops.

Pl.'s Expert, DN 70; Def.'s Mot. Exclude Evid. & Ops. Pl.'s Expert, DN 71; Def.'s Mot. Summ. J., DN 72). The Court entered a Memorandum Opinion and Order that, *inter* alia, granted summary judgment in favor of Sig Sauer on nearly all claims. (Mem. Op. & Order 22, DN 89). The Court declined to address the failure to warn and consumer protection claims because neither were substantively addressed in Sig Sauer's motion for summary judgment. (Mem. Op. & Order 22 n.4). Sig Sauer now moves the Court to amend its judgment to include these causes of action, to which Mayes has not objected. (Def.'s Mot. Amend, DN 92).

## II.    JURISDICTION

The Court has subject-matter jurisdiction of this dispute based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

## III.    DISCUSSION

Under Fed. R. Civ. P. 54(b), a court may revise any order before it issues an entry of judgment adjudicating all the claims and parties' rights and liabilities. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see Johnson v. United States*, No. 3:15-cv-715-DJH-CHL, 2019 U.S. Dist. LEXIS 7729, at *3 (W.D. Ky. Jan. 16, 2019) ("When the Court grants summary judgment in part and other claims remain pending, the Court issues an interlocutory order, rather than a judgment." (citing *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 n.10 (6th Cir. 2008))). Furthermore, "[d]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Phat's Bar & Grill, Inc. v. Louisville-Jefferson Cnty. Metro Gov't*, No. 3:10-CV-00491-H, 2013 U.S. Dist. LEXIS 3108, at *7 (W.D. Ky. Jan. 9, 2013) (alteration in original) (quoting *Rodriguez*, 89 F. App'x at 959).

The Court must determine whether "justice requires" consideration of Sig Sauer's motion. *Rodriguez*, 89 F. App'x at 959 (citation omitted). Traditionally, the relevant factors for this determination include whether "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). Although the standard under Rule 54(b) is similar to that under Rule 59(e), the Sixth Circuit has suggested that district courts have greater flexibility to modify interlocutory orders under Rule 54(b) as opposed to final judgments under Rules 59 and 60. *See id.* at 959 n.7; *Guy v. Lexington-Fayette Urb. Cnty. Gov't*, 624 F. App'x 922, 930 n.7 (6th Cir. 2015); *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) ("[T]here was no final judgment when the court entertained [the defendant's] motion for reconsideration, so the strictures of Rule 59(e) did not apply. The district court was therefore free to reconsider or reverse its decision for any reason." (citation omitted)).

A. **<u>Failure to Warn</u>**

Mayes alleges that Sig Sauer "failed to adequately warn users, including Plaintiff, that the pistol was poorly and defectively designed, and could cause harm to users and those near users." (Compl. ¶ 47). "To prevail on a failure-to-warn claim, plaintiffs must show (1) a duty to warn, (2) inadequate warnings, and (3) proximate causation." *Garvin v. Ethicon, Inc.*, 616 F. Supp. 3d 658, 668 (W.D. Ky. 2022) (citing *Stewart v. Gen. Motors Corp.*, 102 F. App'x 961, 964 (6th Cir. 2004)); *cf. id.* ("Under Kentucky law, a plaintiff may bring a strict-liability claim against a manufacturer for a product that is 'in a defective condition unreasonably dangerous to the user of consumer to his property.'" (citing *Worldwide Equip., Inc. v. Mullins*, 11 S.W.3d 50, 55 (Ky. App. 1999))). Mayes alleges that Sig Sauer can be held liable under a failure to warn theory because it neglected to warn users of a defect—not an average firearm warning such as one regarding its use or storage.

3

His theory then, relies on the assumption that the P320 contained a defect. In the Court's previous decision, it determined that Mayes has not set forth proof sufficient to demonstrate the P320 was defective. (Mem. Op. & Order 22). As such, Mayes cannot maintain a failure to warn claim because he has not shown that the P320 had a dangerous condition. Sig Sauer cannot be held liable for failing to warn of a defect that Mayes cannot prove. *See Yonts v. Easton Tech. Prods., Inc.*, 676 F. App'x 413, 419-20 (6th Cir. 2017) (citing *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247 (Ky. 1995); *Shea v. Bombardier Recreational Prods., Inc.*, No. 2011-CA-000999-MR, 2012 Ky. App. Unpub. LEXIS 746 (Ky. App. Oct. 12, 2012)) (affirming the granting of summary judgment where there was insufficient evidence of an unreasonably dangerous condition or defect). Furthermore, Mayes has not contested Sig Sauer's argument in its current motion. Therefore, Mayes cannot maintain a failure to warn claim, and Sig Sauer is entitled to summary judgment on the matter.

### B. Kentucky Consumer Protection Act

"The KCPA prohibits '[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce,' where 'unfair shall be construed to mean unconscionable.'" *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) (alteration in original) (quoting KRS § 367.170). Mayes alleges that Sig Sauer violated the KCPA by stating that "the P320 won't fire unless you want it to" and that the gun's striker safety "[p]revents the striker from being released unless the trigger is pulled" in its marketing materials. (Compl. ¶¶ 11, 48 (alteration in original)). Mayes' contention that Sig Sauer acted deceptively is based solely on his allegation that the P320 was defective—that it lied about having a non-defective product. In the Court's previous ruling, it was determined that Mayes had not proven any such defect. (Mem. Op. & Order 22). Furthermore, Mayes has not contested Sig Sauer's current motion. Therefore, he cannot

4

maintain a claim under the KCPA, and Sig Sauer is also entitled to summary judgment on the matter.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Amend the Court's Memorandum Opinion and Order (DN 92) is **GRANTED**. Summary judgment is **GRANTED** in favor of Defendant as to the remaining claims. The Clerk shall strike this matter from the active docket.

There being no just cause for delay, this is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

June 6, 2023

cc: counsel of record